UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTHONY O. WILSON,

       Plaintiff,

v.                                                   Case No. 10-11345
                                                  Honorable Patrick J. Duggan

FIRST BANK OF DELAWARE,

       Defendant.
_____/

## OPINION AND ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on July 7, 2010.

PRESENT:    THE HONORABLE PATRICK J. DUGGAN
                      U.S. DISTRICT COURT JUDGE

On March 8, 2010, Plaintiff Anthony Wilson ("Wilson") filed this lawsuit against Defendant First Bank of Delaware ("FBD") in a Michigan district court alleging violations of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681–1681x. FBD removed Wilson's complaint to federal court pursuant to 28 U.S.C. §§ 1331 and 1441(b) on April 5, 2010. Presently before the Court is FBD's motion for summary judgment pursuant to Federal Rule of Civil Procedure 56(c) or, in the alternative, to dismiss for lack of proper service pursuant to Rule 12(b)(5), filed April 16, 2010. In the motion, FBD also seeks costs and attorneys' fees, arguing that this lawsuit is frivolous and Wilson is a "serial litigator" who has previously been sanctioned by judges in this and other courts.

FBD's motion has been fully brief. On May 27, 2010, this Court issued a notice informing the parties that it is dispensing with oral argument with respect to the motion pursuant to Eastern District of Michigan Local Rule 7.1(f). For the reasons set forth below, the Court now holds that FBD is entitled to summary judgment pursuant to Federal Rule of Civil Procedure 56.[1]

## I. Standard for Summary Judgment

Summary judgment is appropriate if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed R. Civ. P. 56(c). The central inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52, 106 S. Ct. 2505, 2512 (1986). After adequate time for discovery and upon motion, Rule 56(c) mandates summary judgment against a party who fails to establish the existence of an element essential to that party's case and on which that party bears the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552 (1986).

The movant has an initial burden of showing "the absence of a genuine issue of material fact." *Id.* at 323, 106 S. Ct. at 2553. Once the movant meets this burden, the "nonmoving party must come forward with 'specific facts showing that there is a genuine

---

[1] The Court therefore will not address FBD's alternative basis for dismissal based on insufficient service of process.

issue for trial.'" *Matsushita Electric Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 1356 (1986) (quoting Fed. R. Civ. P. 56(e)). To demonstrate a genuine issue, the nonmoving party must present sufficient evidence upon which a jury could reasonably find for that party; a "scintilla of evidence" is insufficient. *See Liberty Lobby*, 477 U.S. at 252, 106 S. Ct. at 2512. The court must accept as true the non-movant's evidence and draw "all justifiable inferences" in the non-movant's favor. *See id.* at 255, 106 S. Ct. at 2513.

## II.　Factual Background

In October and November 2009, FBD, through the use of a marketing company, Think Cash, selected a target population for a direct mail program using predetermined Trans Union ("TU") Credit Bureau variables. The prescreening consisted of various credit criteria that TU applied to potential customers' credit reports. Customers who met the prescreen criteria were added to a prescreen list by TU and mailed a pre-qualified "firm offer" of credit by Think Cash. Wilson satisfied the initial prescreen criteria and received such an offer.

In mid-October 2009, FBD also established post-screen criteria for reviewing applications it received in response to the offer. (Def.'s Mot. Ex. 1.) When FBD received Wilson's application, it discovered a charge-off that was not previously reported by TU, which in FBD's view reflected a history of collection difficulty. FBD therefore determined that Wilson was not creditworthy under its established criteria and, on December 12, 2009, sent a letter to Wilson indicating that his credit application was

denied.. Wilson filed this lawsuit in response.

**III.   Applicable Law and Analysis**

In his complaint, Wilson alleges that FBD obtained his credit report without a permissible purpose in violation of the Fair Credit Reporting Act ("FCRA"). The FCRA regulates access to consumers' credit reports by providing that credit bureaus may furnish a consumers' credit report only for certain permissible purposes identified in 15 U.S.C. § 1681b. For purposes of FBD's motion, § 1681b provides that a credit reporting agency may furnish a consumer credit report if the transaction consists of a firm offer of credit or insurance. 15 U.S.C. § 1681b(c)(1)(B)(ii). The statutes defines a "firm offer of credit or insurance" as:

> any offer of credit or insurance to a consumer that will be honored if the consumer is determined, based on information in a consumer report on the consumer, to meet the specific criteria used to select the consumer for the offer, except that the offer may be further conditioned on one or more of the following:
>
> (1) The consumer being determined, based on information in the consumer's application for the credit or insurance, to meet specific criteria bearing on credit worthiness or insurability, as applicable, that are established--
>
> > (A) before selection of the consumer for the offer; and
> >
> > (B) for the purpose of determining whether to extend credit or insurance pursuant to the offer.
>
> (2) Verification
>
> (A) that the consumer continues to meet the specific criteria used to select the consumer for the offer, by using information in a consumer report on the consumer, information in the consumer's application for the credit or insurance, or other information bearing on the credit worthiness or insurability of the consumer;

4

or

> (B) of the information in the consumer's application for the credit or insurance, to determine that the consumer meets the specific criteria bearing on credit worthiness or insurability.

(3) The consumer furnishing any collateral that is a requirement for the extension of the credit or insurance that was–

> (A) established before selection of the consumer for the offer of credit or insurance; and
>
> (B) disclosed to the consumer in the offer of credit or insurance.

15 U.S.C. § 1681a(*l*).

Here, FBD sent Wilson an offer of credit based on his satisfaction of pre-qualification criteria. After receiving Wilson's application, FBD reviewed Wilson's credit history further and discovered a charge-off that rendered him not qualified for credit under FBD's pre-established criteria. This satisfies the definition of a "firm offer" set forth in the FCRA.

Wilson does not dispute that a charge-off was listed on his credit report. Instead, he argues that this did not render him ineligible for the offer of credit under FBD's post-screen qualification criteria. Wilson relies on a October 13, 2009 FBD document that states "[o]nly characteristics that reflect potential fraud, excessive inquiries, excessive usage and delinquencies will be used as background [underwriting] criteria." (Pl.'s Resp. Ex. A.) A charge-off, however, qualifies as a delinquency.[2]

---

[2] A charge-off, as defined in Black's Law Dictionary, is "[t]o treat (an account receivable) as a loss or expense because payment is unlikely; to treat as a bad debt."

5

For these reasons, the Court concludes that FBD obtained Wilson's credit report in compliance with § 1681b. Therefore, the Court holds that FBD is entitled to summary judgment with respect to Wilson's claim that it violated the FCRA, the only claim in his complaint.

With respect to FBD's request for an award of its attorneys' fees,[3] while FBD indicates that its counsel informed Wilson that his claim lacked merit before filing the pending motion, it has not complied with Rule 11's "safe harbor" requirements. Fed. R. Civ. P. 11(c)(2). Pursuant to those requirements, a party seeking sanctions must, *inter alia*, serve a *separate* motion for sanctions on the opposing party at least twenty-one days before the motion is filed with the court. *Id*. FBD fails to identify any other authority pursuant to which this Court can award sanctions against Wilson.[4]

Accordingly,

**IT IS ORDERED**, that Defendant's motion for summary judgment is

---

Black's Law Dictionary (8th ed. 2004). Delinquency is defined as "a debt that is overdue in payment." *Id*.

[3]FBD also seeks its costs as sanctions; however, a party is entitled to its costs pursuant to Federal Rule of Civil Procedure 54(d) simply because it has prevailed in the action. This Court therefore does not need to award FBD sanctions against Wilson for FBD to collect its costs.

[4]Pursuant to 28 U.S.C. § 1927, the court may award attorneys' fees based on frivolous conduct but only against "[a]ny attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof . . ." 28 U.S.C. § 1927. While Wilson at one time was admitted as a lawyer in Texas (*see* Def.'s Mot. Ex. 8), the Court is not aware of whether he was a member of the Texas Bar or the Bar of some other State when he filed this action.

**GRANTED**.

s/PATRICK J. DUGGAN<br>UNITED STATES DISTRICT JUDGE

Copies to:
Anthony Wilson
4010 Red Arrow Road
Flint, MI 48507

Matthew J. Lund, Esq.
Adam Wolfe, Esq.